IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Charles Jackson Williams, | ) | |
| | ) | Civil Action No. 5:12-2593-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Charles Jackson Williams ("Williams") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 27.)[2] The Report recommends affirming the decision of the Commissioner to deny benefits. The court adopts the Report and affirms the denial of benefits.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I. Background

In June 2009, Williams filed an application for DIB and SSI, alleging that he became unable to work on April 14, 2008, due to due to anxiety, depression, obsessive compulsive disorder, ADHD, and blood pressure problems. His application was denied initially and on reconsideration. Williams requested a review by an administrative law judge ("ALJ"), and a hearing was held before an ALJ on February 1, 2011.

On February 23, 2011, the ALJ denied Williams' claims finding him not disabled under the SSA. The ALJ found that Williams suffered from the following serious impairments: attention deficit hyperactivity disorder, depression, and anxiety. However, the ALJ found that Williams' impairments did not meet or were not medically equal to the criteria for any of the listed impairments. The ALJ then proceeded to assess Williams' residual functional capacity ("RFC"). The ALJ found that Williams could perform a full range of work at all exertional levels with certain limitations. The ALJ found Williams could not return to his past relevant work, but could perform other jobs in existence in the national economy in significant numbers and, therefore, denied his claims.

On July 12, 2012, the Appeals Council, after considering additional information, declined to review the ALJ's decision. Williams filed this action for judicial review on September 20, 2012. In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. Williams filed objections to the Report on December 2, 2013 (ECF No. 29), and the Commissioner filed a response to those objections on December 16, 2013 (ECF No. 31). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. Analysis

In his objections, Williams contends that the magistrate judge erred by: 1) finding that the ALJ's decision regarding Williams' mental impairments was supported by substantial evidence; 2) finding that the ALJ properly treated the opinions of Drs. Cole and Mullen's; 3) finding that the ALJ properly explained her credibility determination and her findings are

supported by substantial evidence; and 4) failing to address Plaintiff's argument regarding the VE's testimony as to limitations as to pace.

**1) Mental Impairments**

As to his mental impairments, Plaintiff contends that the magistrate judge erred in determining that the ALJ's decision is supported by substantial evidence. (Objections at 1-3). Specifically, Plaintiff contends that the ALJ (and the magistrate judge) ignored evidence that Plaintiff was unable to take care of his personal hygiene and successfully shop with his mother and failed to address Plaintiff's obsessive compulsive disorder ("OCD") behavior. *Id*. at 2. However, the magistrate judge did address these issues. (Report at 16-17). The magistrate judge found the evidence that Plaintiff was unable to manage his personal care which is cited by Plaintiff is limited to one-time occurrences. (Report at 16). The magistrate judge then cited to Plaintiff's testimony that he was able to take care of his personal hygiene. *Id*.

Further, as to Plaintiff's inability to shop, the magistrate judge noted that the ALJ found Plaintiff was able to shop with his mother and had moderate difficulties in social functioning. (Report at 17). The magistrate judge concluded that the ALJ's decision that Plaintiff had moderate limitations in social functioning was supported by substantial evidence. *Id*. The magistrate judge cited cases holding that the ALJ is not required to provide a written evaluation of every piece of evidence, but need only minimally articulate her reasoning between the evidence and her conclusions. (Report at 18). The court agrees.

An ALJ is not required to address every piece of evidence in the record, so long as a reviewing court can determine from the opinion "what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n. 10 (4th Cir. 1999) (citing *Lane Hollow Coal Co. v. Dir., Office of Workers' Comp. Programs*, 137 F.3d 799, 803 (4th Cir. 1998)) (holding that

an ALJ's duty to explain his findings and conclusions on all material issues of fact or law is satisfied when a reviewing court can determine, from an ALJ's opinion and the evidence of record, how he reached his conclusion). The function of this court is not to reweigh the evidence in the record. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.1986). Rather, this court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

At the hearing, Plaintiff testified his mother has sent him to the grocery store and he has had to leave groceries in the cart because of a panic attack. (R. 55). He testified he drove with his mother to the hearing and his mother gives him "that kind of little extra peace . . . or confidence." (R. 65). Plaintiff also testified he was able to take care of his personal hygiene (R. 56-57), but he has gone as long as a week without bathing. (R. 67). He testified that after his first marriage ended, he lived by himself for a year, and the dirty dishes accumulated to the point that he placed them in the bath tub to soak. (R.66 ).

The ALJ stated Plaintiff was able to drive and shop with his mother. (R. 18). In assessing Plaintiff's RFC, the ALJ took into account that Plaintiff "goes to stores at odd hours, when few people are around, and sometimes leaves due to anxiety" (R. 20). The ALJ limited Plaintiff's interactions with others due to his anxiety. *Id.* The ALJ also noted Plaintiff was able to shop, although he has had panic attacks on occasion. *Id.* As for Plaintiff's OCD, the court does not find that the ALJ erred where the record lacks evidence of more severe functional limitations stemming from his OCD. Moreover, the ALJ also accounted for Plaintiff's OCD in the RFC. As the magistrate judge found, the ALJ's decision is supported by substantial evidence.

### 2) Medical Opinions

Plaintiff contends that the ALJ did not properly explain how Dr. Cole's opinion, which the ALJ accorded significant weight, was incorporated into Plaintiff's RFC. (Objections at 3). Specifically, Plaintiff contends that Dr. Cole found that he had moderate difficulties with concentration which would decrease in a work situation due to his anxiety. *Id.* at 4. However, in regard to Dr. Cole's opinion, the ALJ stated that "[t]o the extent it is consistent with the [RFC] determination, the undersigned gives this opinion significant weight in limiting the claimant to simple, repetitive, non-paced work due to his concentration and focus problems and limiting his interactions with others due to his anxiety." (R. 19).

Additionally, Plaintiff contends that the magistrate judge erred in finding that the ALJ's reasons for granting less weight to Dr. Mullen's opinion are supported by substantial evidence. (Objections at 4-5). Specifically, Plaintiff contends that the ALJ failed to explain how Dr. Mullen's opinion contrasts sharply with the other evidence. *Id*. at 4. Reviewing the Report, the court agrees with the magistrate judge's analysis and conclusion that the ALJ's decision is supported by substantial evidence.

### 3) Plaintiff's Credibility

Plaintiff argues that while the magistrate judge found that the ALJ explained her findings regarding the ALJ's determination of Plaintiff's credibility, the magistrate judge erred by failing to address Plaintiff's concerns that the ALJ's credibility findings are not supported by the evidence. (Objections at 5). Specifically, Plaintiff contends that the ALJ cherry-picked evidence in her evaluation of Plaintiff's credibility. *Id*. While Plaintiff is correct that an ALJ may not pick and choose only the evidence that supports a particular position, it does not appear that the ALJ did so in this instance. Reviewing the Report, the court agrees with the magistrate

judge's analysis and conclusion that the ALJ's credibility determination is supported by substantial evidence.

    4) **Vocational Expert's Testimony**

Plaintiff contends that he has submitted evidence that he has moderate difficulties with concentration, persistence, and pace, and these moderate difficulties would worsen in a job situation and the vocational expert ("VE") testified that if Plaintiff's pace was interfered with even on an occasional basis, there would be no work which Plaintiff could perform. (Objections 5-6). Plaintiff contends that the magistrate judge erred by failing to address the VE's testimony regarding limitations as to pace. (Objections at 6). Reviewing the Report, the court agrees that the magistrate judge did not address this particular issue. However, to be fair, Plaintiff raised this specific issue in his brief under his argument about the ALJ's treatment of the medical opinions, specifically Dr. Cole's opinion. (ECF No. 19 at 30; Pl.'s Br. at 30). In any event, the court finds it is without merit.

In his decision, the ALJ concluded that Plaintiff could not perform work which is pace oriented. (R. 18). Plaintiff's counsel questioned the VE regarding whether an individual working as an industrial cleaner would have to "maintain some type of production and pace." (R. 87). The VE responded that an individual working as an industrial cleaner would have to maintain pace, but such a position does not involve fast paced work. (R. 87-88). Plaintiff's counsel continued stating that the ALJ's hypothetical included the limitation that the position not be face paced and he questioned whether there was a pace involved in the position of industrial cleaner. (R. 88). The VE responded that in that position, a person would have "to keep up with certain standards," and "follow certain rules and regulations." (R. 88). Plaintiff's counsel than asked the VE what would his answer be if he added to the hypothetical that the person's pace would be

7

interfered with on an occasional basis such that it would be below what [is] considered a normal production pace," and the VE responded that there would be no work. (*Id.*)

The court finds that the limitation which Plaintiff's counsel included is different than what the ALJ included in his limitations. In questioning the VE, the ALJ included the limitation of a job "that's not pace oriented, like coming down the line and somebody else depending on me." (R. 80-81). Maintaining some type of production and pace and complying with rules and regulations is entirely different than a pace oriented position on an assembly line. The latter is production-rate pace, while the former is goal-oriented pace. Here, the hypothetical question posed to the VE by Plaintiff's counsel included an additional limitation. *Lee v. Sullivan*, 945 F.2d 689, 698–94 (4th Cir.1991) (noting that a requirement introduced by claimant's counsel in a question to the VE "was not sustained by the evidence, and the vocational expert's testimony in response to the question was without support in the record"). Accordingly, Plaintiff's argument is without merit.

After a thorough review of the record, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                                        s/Timothy M. Cain  
                                                                       United States District Judge

February 7, 2014  
Anderson, South Carolina